JONES DAY
SIDNEY P. LEVINSON (Cal. Bar No. 139419)
250 VESEY STREET
NEW YORK, NEW YORK 10281
Email:  slevinson@jonesday.com

WILLIAM J. SCHUMACHER (Cal. Bar No. 303862)
555 SOUTH FLOWER ST., FIFTIETH FLOOR
LOS ANGELES, CALIFORNIA 90071
Telephone:  (213) 243-2475
Fax:  (213) 243-2539
Email:  wschumacher@jonesday.com

Counsel for Michael Ozawa, in his capacity
as Liquidation Trustee

**FILED & ENTERED**

**JUL 27 2018**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY nbolte    DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>PACIFIC MONARCH RESORTS, INC.,<br>a California corporation,<br><br>        Jointly Administered<br>        Debtors and Debtors in<br>        Possession.<br><br>Affects:<br>☐ Pacific Monarch Resorts, Inc. Only<br>☐ Vacation Interval Realty, Inc. Only<br>☐ Vacation Marketing Group, Inc. Only<br>☐ MGV Cabo, LLC Only<br>☐ Desarrollo Cabo Azul, S. de R.L.<br>    de C.V. Only<br>☐ Operadora MGVM S. de R.L. de C.V.<br>    Only<br><br>☒    ALL DEBTORS<br>        Debtors. | CASE NO. 8:11-bk-24720-SC<br><br>Chapter 11<br><br>Jointly Administered with Case Nos.<br>8:11-bk-24724-SC; 8:11-bk-24725-SC;<br>8:11-bk-24727-SC; 8:11-bk-24729-SC;<br>8:11-bk-24731-SC<br><br>**FINAL DECREE CLOSING CASES OF ALL DEBTORS, APPROVING THE FINAL REPORT, AND APPROVING THE REMNANT ASSET SALE**<br><br>**[No hearing required pursuant to Local Bankruptcy Rule 9013-1(o)]** |

Upon review and consideration of the *Motion For Final Decree, Approval Of Final Report, Approval Of Remnant Asset Sale, And Entry Of Order Closing Cases* (the "Motion"), submitted by Michael Ozawa, in his capacity as liquidation trustee (the "Liquidation Trustee") under the Debtors' Second Amended Joint Chapter 11 Plan of Reorganization dated September 18, 2012 (the "Plan"),[1] and the Declaration of Michael Ozawa in support thereof, and having received no opposition to the granting of the Motion, the Court hereby finds that notice was appropriate under the circumstances, and therefore,

**IT HEREBY IS ORDERED THAT:**

1. The Motion is GRANTED in its entirety.
2. The chapter 11 cases of Pacific Monarch Resorts, Inc. and Desarrollo Cabo Azul, S. de R.L. de C.V. (the "Debtors") are hereby closed and the Liquidation Trust is terminated as of July 31, 2018.
3. The Liquidation Trustee may sell property of the Liquidation Trust that, at the time of the execution of an asset purchase agreement (the "APA") and continuing into the future, may be remaining, consisting of known or unknown assets or claims which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets"), including Causes of Action under the Liquidation Trust Agreement.
4. The Remnant Assets shall specifically exclude: (a) cash held at the time of the APA by the Liquidation Trust in bank accounts earmarked for distribution to creditors and/or payment of professional fees; (b) the Liquidation Trust's membership interest in PMR 2007-A that was abandoned as of June 21, 2018; and (c) the $5,000 purchase price delivered pursuant to the APA to the Liquidation Trust.
5. The Final Report is approved in its entirety.
6. The Liquidation Trustee shall complete the Final Distribution within thirty (30) days from the date of this Order.
7. On completion of the Final Distribution, the Liquidation Trustee shall be discharged

---

[1] All capitalized terms not otherwise defined herein shall have the meaning used in the Motion, under the Plan or the Liquidation Trust Agreement.

pursuant to section 4.8 of the Liquidation Trust Agreement from all liability to the Liquidation Trust or any Person who or which has had or may then or thereafter have a claim against the Liquidation Trustee or the Liquidation Trust for acts or omissions in the Liquidation Trustee's capacity as the Liquidation Trustee or in any other capacity contemplated by the Liquidation Trust Agreement or the Plan.

8. The Liquidation Trustee shall retain for not less than a six (6) month period from the completion and winding up of the Liquidation Trust (the "<u>Retention Period</u>") the books, records, Register, and certificates and other documents and files delivered to, or created by the Liquidation Trustee and thereafter may destroy such records and books.

9. The Liquidation Trustee may retain from the Final Distribution an amount reasonably necessary to cover expenses incurred during the Retention Period.

10. The Bankruptcy Court retains jurisdiction to enforce or interpret any order it has entered in these chapter 11 cases.

11. The Bankruptcy Court Retains jurisdiction to reopen these chapter 11 cases for cause.

Date: July 27, 2018

Scott C. Clarkson
United States Bankruptcy Judge

- 2 -